**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JOHNNY RAY CHEEK, #42969-177,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL CASE NO. 3:16-CV-1051-D-BK** |
| | § | |
| **WARDEN, FCI FORT WORTH,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was automatically referred to the United States Magistrate Judge.  Petitioner, a federal prisoner confined at FCI Fort Worth, filed a petition for writ of habeas corpus seeking relief under 28 U.S.C. § 2241.  Doc. 3.  For the reasons that follow, it is recommended that this action be summarily dismissed for want of jurisdiction.[1]

## I. BACKGROUND

Petitioner pled guilty to bank robbery and using, carrying, and brandishing a firearm during or in relation to a crime of violence (counts 2 and 3 of the Indictment), and was sentenced to consecutive 57- and 84-month terms of imprisonment and a 3-year term of supervised release. *United States v. Cheek*, 3:11-CR-0157-D-1 (N.D. Tex. 2012), *appeal dismissed*, 508 Fed.Appx. 346 (5th Cir. 2013).  Petitioner unsuccessfully sought relief under 28 U.S.C. § 2255 and 28

---

[1] The Court has modified the caption to reflect the Warden of FCI Fort Worth as the Respondent in this action.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (the proper respondent to a habeas petition under § 2241 is "the person who has custody over [the petitioner].")  However, Petitioner may object to this modification/substitution within 14 days after being served with a copy of this report and recommendation. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

U.S.C. § 2241 from the Court's judgment that his sentence for the firearm offense be served consecutively to the term imposed for the firearms offense. *Cheek v. United States,* No. 3:13-CV-2550-D-BK, 2013 WL 4561242 (N.D. Tex. 2013) (section 2255); *Cheek v. Chandler,* No. 3:13-CV-2901-D-BK, 2013 WL 4561377 (N.D. Tex. 2013) (section 2241). His successive section 2255 motion alleging actual innocence and citing *McQuiggin v. Perkins*, --- U.S. ---, 133 S.Ct. 1924, 1931 (2013), and *Alleyne v. United States*, ___ U.S. ___, 133 S. Ct. 2151 (2013), was transferred to the United States Court of Appeals for the Fifth Circuit, where authorization for successive filing was denied. *Cheek v. United States*, No. 3:14-CV-1308-D-BK, 2014 WL 2938091 (N.D. Tex. 2014); *Cheek v. United States*, 622 F.App'x 449 (5th Cir. 2015); *see also Cheek v. United States*, No. 3:16-CV-0057-D-BK, (N.D. Tex. 2016) (identical successive section 2255 motion dismissed without prejudice to petitioner seeking leave to file from the court of appeals), *notice of appeal pending*, No. 16-10354 (5th Cir. 2016).

Petitioner now challenges his underlying conviction under the savings clause of 28 U.S.C. § 2241. Doc. 3 at 1. He claims "actual innocence" of "18 U.S.C. § 2113(a) and (d) [a]nd 18 U.S.C. § 924(c)(1)(A)," the statutes for bank robbery and using, carrying, and brandishing a firearm during or in relation to a crime of violence under which he was convicted (Counts 1 and 2). *Id.* He asserts:

> Concerning Count 2 and 3 of the indictment. The Judgement shows that Mr. Cheek did not admit to the counts. It is a fundamental error for a court to enter a judgement of conviction against a defendant who has not been charged, tried or found guilty of the crime recited in the judgement. *United States v. Diaz*, 190 F.3d 1247 (11th Cir.1999). In this case, Mr. Cheek was not found guilty of any crime recited in the judgement.

Doc. 3 at 2.[2]

## II. ANALYSIS

A habeas corpus petition under 28 U.S.C. § 2241 is subject to summary dismissal if it appears from the face of the petition that the petitioner is not entitled to relief.  *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming summary dismissal under section 2241 without ordering an answer from respondent); *see also* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (providing for summary dismissal of habeas petition).[3]

A motion under section 2255 provides the primary means of collaterally attacking a federal conviction or sentence.  *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (*per curiam*) (citing *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000) (*per curiam*)).  "While § 2241 is more typically used to challenge the execution of a prisoner's sentence, a federal prisoner may bring a petition under § 2241 to challenge the legality of his conviction or sentence if he can satisfy the mandates of the 'savings clause' of § 2255."  *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003) (citing *Reyes-Requena v. United States,* 243 F.3d 893, 900-01 (5th Cir. 2001)).  Under the "savings clause" of section 2255, the petitioner has the burden of showing that the section 2255 remedy is "inadequate or ineffective to test the legality of his detention."  *Jeffers,*

---

[2] Petitioner also maintains he was convicted of attempted bank robbery, "a crime he did not admit to."  Doc. 3 at 2.  However, the attempted bank robbery charge (count 1 of the indictment) was dismissed on the government's motion.  *See* Crim. Doc. 31, *Judgment* only as to Counts 2-3 and docket entry reflecting Count 1 was dismissed on the government's motion.

[3] Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts renders the 2254 Rules applicable to habeas petitions not covered under section 2254.

253 F.3d at 830; *see also Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005) (*per curiam*).[4]

      Here, Petitioner fails to show that the section 2255 remedy is either inadequate or ineffective to the test the legality of his detention.  He cannot rely on section 2241 merely because he cannot seek relief under section 2255.  *Cf. Pack v. Yusuff*, 218 F.3d 448, 453 (5th Cir. 2000) (citing *Tolliver*, 211 F.3d at 878) (holding that prior, unsuccessful section 2255 motion, limitations bar, and successiveness do not render section 2255 remedy inadequate or ineffective).

      Moreover, it is well established that "the savings clause of § 2255 applies to a claim of actual innocence '(i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal or first § 2255 motion.'"  *Padilla*, 416 F.3d at 426 (quoting *Reyes-Requena*, 243 F.3d at 904); *see also Christopher*, 342 F.3d at 382.  In this case, the Court need not look beyond the first of these requisites to conclude that Petitioner cannot prevail.

      Petitioner cannot demonstrate that he was convicted of a nonexistent offense.  Moreover, has not sought to establish that he is actually innocent of the charges against him or to

---

[4] The so-called "savings clause" provides that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that *the remedy by motion is inadequate or ineffective to test the legality of his detention*."  28 U.S.C. § 2555(e) (emphasis added).

Because Petitioner is incarcerated within the Northern District of Texas, this Court has jurisdiction to determine whether he may proceed under section 2241.  *See Padilla*, 416 F.3d at 426 ("Only the custodial court has the jurisdiction to determine whether a petitioner's claims are properly brought under § 2241 via the savings clause of § 2255.").

decriminalize the conduct for which he was convicted.  He merely asserts that he "did not admit to the counts," Doc. 3 at 2, although the record clearly shows otherwise.  *See* Rearraignment Transcript, Crim. Doc. 38 at 26-27 (reflecting that Petitioner admitted under oath the veracity of the stipulated facts in the amended factual resume).  In addition, Petitioner's claim is not premised on a retroactively-applicable Supreme Court decision calling into question the validity of his convictions.

Accordingly, Petitioner is not entitled to relief under section 2241 and his petition should be dismissed without prejudice for want of jurisdiction.  *See Christopher*, 342 F.3d at 379 (remanding case for dismissal for lack of jurisdiction because petitioner failed to show the section 2255 remedy was inadequate or ineffective).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus under 28 U.S.C. § 2241 be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

SIGNED April 26, 2016.


RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE